**FILED**

October 21, 2025

**Fifteenth Court of Appeals**
**Christopher A. Prine**
**Clerk of Court**

ACCEPTED
15-25-00150-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/20/2025 3:35 PM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/20/2025 3:35:48 PM
CHRISTOPHER A. PRINE
Clerk

No.15-25-00150-CV

15th Court of Appeals of Texas

_____

*In Re ColossusBets Limited*, Relator

_____

# REAL PARTY IN INTEREST JERRY B. REED'S SURREPLY

_____

Original Proceeding from Cause No. 25-BC03A-0007
Business Court of Texas Third Division Austin, Texas

_____

LAGARDE LAW FIRM, P.C.
Richard L. LaGarde
State Bar No. 11819550
Mary LaGarde
State Bar No. 24037645
230 Westcott St., Suite 100
Houston, TX 77007
TEL: (713) 993-0660
richard@lagardelaw.com
mary@lagardelaw.com
ATTORNEYS FOR REAL
PARTY IN INTEREST

# TABLE OF CONTENTS

I. Relator's New Procedural-Bar Theory Is Contrary to Texas Law ............................................................... 1

II. Rule 52.4(d) Does Not Bar Jurisdictional Argument ............... 2

III. Section 25A.0041's Text and Legislative Context Do Not Support a "One-Way Door" Rule........................................... 3

   A. The Legislature Delegated Procedural Authority to the Supreme Court—It Did Not Freeze Jurisdiction Forever.............. 3

   B. "Final" Means Procedural Conclusiveness—Not Irrevocability ......................................................................... 4

   C. The "Limited Potential for Movement" Clause Protects Fairness, Not Finality ......................................................... 5

   D. Section 25A.006 Expressly Contemplates Remand When Jurisdiction Is Lacking ......................................................... 6

    E. Conclusion........................................................... 7

Certificate of Service.......................................................... 7

Certificate of Compliance..................................................... 8

i

# INDEX OF AUTHORITIES

**Cases**                                               **Page**

*American K-9 Detection Services, LLC v. Freeman*, 556 S.W.3d 246, 260 (Tex. 2018).......................................................... 1

*Rusk State Hosp. v. Black*, 392 S.W.3d 88 (Tex. 2012)............. 7

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) ........................................................................... 7

**Statutes**

*TEX. GOV'T CODE* § 25A.0041........................................... 3,7

*TEX. GOV'T CODE* § 25A.0041(a)....................................... 1,3

*TEX. GOV'T CODE* § 25A.0041(a)(3).................................... 1,5

*TEX. GOV'T CODE* § 25A.0041(b)(3).................................... 4

*TEX. GOV'T CODE* § 25A.006(d)......................................... 6

**Rules**

*TEX. R. APP. P.* 25–28...................................................... 2

*TEX. R. APP. P.* 52.4(d).................................................... 2

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Real Party in Interest Jerry B. Reed files this Surreply to address new procedural and statutory arguments raised for the first time in Relator's Reply, as well as its expanded interpretation of Texas Government Code § 25A.0041(a) and (a)(3) beyond what was presented in the Petition.

## I. RELATOR'S NEW PROCEDURAL-BAR THEORY IS CONTRARY TO TEXAS LAW

Relator's reply newly contends that Mr. Reed may not challenge whether the Business Court had subject-matter jurisdiction in the first place because he failed to file his own mandamus or notice of appeal within 30 days of the Business Court's June 18 order. That argument misstates both the Texas Rules of Appellate Procedure and controlling precedent.

Subject-matter jurisdiction is essential to a court's power to decide a case and may be raised at any time, including for the first time on appeal or by the court *sua sponte. American K-9 Detection Services, LLC v. Freeman*, 556 S.W.3d 246, 260 (Tex. 2018) ("Subject matter jurisdiction

is an issue that may be raised for the first time on appeal[,] it may not be waived by the parties, and it may—indeed, *must*—be raised by an appellate court on its own.") (footnotes, internal quotation marks, and citations omitted).

Because jurisdiction cannot be conferred by consent or waiver, a real party in interest may argue at any time that the trial court lacked subject-matter jurisdiction. Indeed, this Court would be duty-bound to raise the question even if Mr. Reed had not.

## II.    RULE 52.4(D) DOES NOT BAR JURISDICTIONAL ARGUMENT

Rules 25–28 govern appeals, not original proceedings. Rule 52.4(d) only confines a response to "the issues or points presented in the petition." Because Relator's petition claims the Business Court *retained* jurisdiction, Mr. Reed's showing that the court *never had* jurisdiction is squarely responsive and proper under the rule.

## III. SECTION 25A.0041'S TEXT AND LEGISLATIVE CONTEXT DO NOT SUPPORT A "ONE-WAY DOOR" RULE

Relator's newly expanded argument that Chapter 25A establishes an irrevocable "one-way door" for jurisdiction stretches the statutory language beyond its procedural purpose.

### A. The Legislature Delegated Procedural Authority to the Supreme Court—It Did Not Freeze Jurisdiction Forever

Section 25A.0041 does not itself purport to fix Business Court jurisdiction "once and for all" as Relator argues. Its operative clause directs only that:

> "The supreme court by rule shall establish procedures for the prompt, efficient, and final determination of business court jurisdiction **on the filing of an action** in the business court."

TEX. GOV'T CODE § 25A.0041(a) (emphasis added).

That language shows two key limits. First, § 25A.0041 is procedural—it instructs the Supreme Court of Texas to design rules. It does not legislate substantive jurisdictional consequences. Second, it focuses on determinations "on the filing of an action," meaning at the *threshold* stage, not on later amendments or factual changes.

By its own terms, the section concerns *procedures* for prompt and efficient handling "on the filing of an action", not *permanent* jurisdictional attachment. Nothing in the statute says that a Business Court retains jurisdiction even after the facts or pleadings supporting that jurisdictional basis have changed.

## B. "Final" Means Procedural Conclusiveness—Not Irrevocability

The modifier "final" in "final determination of business court jurisdiction" refers to the *finality of the procedural ruling* within that stage—i.e., that the issue be conclusively resolved and not linger indefinitely—rather than to a prohibition on revisiting jurisdiction if the basis for it later disappears.

The Legislature used "final" in connection with "prompt" and "efficient." Read in context, it describes administrative efficiency, not permanent jurisdiction. The same subsection also authorizes the Supreme Court to set *limited periods during which issues or rights must be asserted, considered agreed to, or waived.* TEX. GOV'T CODE § 25A.0041(b)(3).

That provision assumes that the Court, not the Legislature, will determine when rights are waived and how jurisdictional determinations are revisited—undermining any claim that the Legislature itself imposed a one-way door.

### C. The "Limited Potential for Movement" Clause Protects Fairness, Not Finality

Relator also relies on § 25A.0041(a)(3), which instructs the Supreme Court to consider:

> [T]he limited potential for the movement of an action between a district court and the business court as it relates to issues of fundamental fairness or the preservation of constitutionally or statutorily protected rights.

That clause expressly preserves movement between courts where fairness or statutory rights require it. By tying the limitation to "fundamental fairness" and "statutorily protected rights," the Legislature recognized that certain circumstances may *require* transfer or remand. A reading that forbids any later remand would conflict with the statute's express preservation of movement between courts to ensure fairness and protect rights.

Suppose multiple defendants are sued in district court, and the Business Court's jurisdiction depends solely on a claim against one defendant. If that claim is later settled or dismissed, nothing in Chapter 25A suggests the Business Court should continue exercising jurisdiction over the remaining, unrelated claims. Reading Chapter 25A as a one-way door would compel the Business Court to try actions outside its subject-matter mission—contrary to § 25A.006(d)'s command that a case be remanded when the Business Court "does not have jurisdiction of the action.

## D. Section 25A.006 Expressly Contemplates Remand When Jurisdiction Is Lacking

TEX. GOV'T CODE § 25A.006(d) provides that, "If the business court does not have jurisdiction of the action, the business court shall remand the action to the court in which the action was originally filed." This directive confirms that when jurisdiction is absent, the Business Court must return the case to the originating court. Nothing in the statute limits that command to the moment of filing or prevents the court from reevaluating its jurisdiction later. To the contrary, the use of the

present tense—"does not have jurisdiction"—implies an ongoing duty to ensure jurisdiction exists whenever the question arises.

Texas courts have long held that "a court has a continuing obligation to determine whether it has subject-matter jurisdiction." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94 (Tex. 2012) (recognizing that subject-matter jurisdiction may be raised for the first time on appeal because courts must ensure it exists); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) (holding that subject-matter jurisdiction cannot be waived and may be raised *sua sponte* at any time).

## E. Conclusion

Section 25A.0041's purpose is to ensure *procedural efficiency*, not to impose jurisdictional rigidity. Its "final determination" language cannot override the fundamental rule that courts must ensure subject-matter jurisdiction exists at all times and must remand when it does not. The statutory text does not support Relator's "one-way door" theory.

Respectfully submitted,


LAGARDE LAW FIRM, P.C.
/s/ Richard L. LaGarde
Richard L. LaGarde
State Bar No. 11819550
Mary LaGarde
State Bar No. 24037645
230 Westcott St., Suite 100
Houston, TX 77007
TEL: (713) 993-0660
richard@lagardelaw.com
mary@lagardelaw.com
ATTORNEYS FOR
REAL PARTY IN INTEREST

## CERTIFICATE OF SERVICE


I certify that, on October 20, 2025, a true and correct copy of Real Party in Interests' Surreply was served on all counsel of record via the Court's electronic-notification system.

*/s/ Richard LaGarde*
Richard LaGarde

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of TEX. R. APP. P. 9.4(i)(2)(B) because this brief consists of 1,013 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

/s/ *Richard LaGarde*
Richard LaGarde

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Richard LaGarde on behalf of Richard LaGarde
Bar No. 11819550
richard@lagardelaw.com
Envelope ID: 107057277
Filing Code Description: Other Brief
Filing Description: Real Party In Interest's Surreply
Status as of 10/20/2025 3:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Harrell | 793905 | david.harrell@troutman.com | 10/20/2025 3:35:48 PM | SENT |
| Richard Lagarde | 11819550 | richard@lagardelaw.com | 10/20/2025 3:35:48 PM | SENT |
| Manfred Sternberg | 19175775 | manfred@msternberg.com | 10/20/2025 3:35:48 PM | SENT |
| Aimee Oleson | 24036391 | aoleson@sheppardmullin.com | 10/20/2025 3:35:48 PM | SENT |
| Mary Lagarde | 24037645 | mary@lagardelaw.com | 10/20/2025 3:35:48 PM | SENT |
| Jeffrey Adams | 24006736 | jeff@jeffadamslaw.com | 10/20/2025 3:35:48 PM | SENT |
| Jon Smith | 18630750 | jon@jonmichaelsmith.com | 10/20/2025 3:35:48 PM | SENT |
| Mia Lorick | 24091415 | Mia.Lorick@troutman.com | 10/20/2025 3:35:48 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 10/20/2025 3:35:48 PM | SENT |
| Grace Miller | 24132499 | gmiller@sheppardmullin.com | 10/20/2025 3:35:48 PM | SENT |
| Lindsey Mitchell | | lindsey.mitchell@pillsburylaw.com | 10/20/2025 3:35:48 PM | SENT |
| Derrick Carson | | Derrick.carson@pillsburylaw.com | 10/20/2025 3:35:48 PM | SENT |
| Bradden Pippin | 24143893 | bradden.pippin@troutman.com | 10/20/2025 3:35:48 PM | SENT |
| Jon Sink | | jonathan.sink@pillsburylaw.com | 10/20/2025 3:35:48 PM | SENT |
| Andrea Caswell | | andrea.caswell@pillsburylaw.com | 10/20/2025 3:35:48 PM | SENT |
| Kathleen Laird | | Kathleen.Laird@Troutman.com | 10/20/2025 3:35:48 PM | SENT |
| Honorable Melissa Andrews | | bcdivision3a@txcourts.gov | 10/20/2025 3:35:48 PM | SENT |
| Ryan Dickinson | | ryandickinson79@gmail.com | 10/20/2025 3:35:48 PM | SENT |